IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

STEVE ALLEN BUTLER,

        Petitioner,

    v.                            CIV. NO. S-04-1049 EJG/GGH P

DERRAL ADAMS, Warden,           ORDER

        Respondent.
_____/

    The court is in receipt of a letter from petitioner addressed to the undersigned, dated February 5, 2008 and filed February 12, 2008, requesting relief from the March 30, 2005 order denying his petition for habeas corpus. Specifically, petitioner requests that the court clarify that he was convicted in state court of a violation of California Penal Code § 288(a), lewd contact with a minor, **not** California Penal Code § 288.5, continual sexual abuse of a child. The reason for the request is that the former offense has a substantially lesser maximum sentence, three years, than the latter, sixteen years.

    In support of his request, petitioner points to the Findings and Recommendations issued by the Magistrate Judge and filed November 29, 2004, which, in reciting the history of the underlying case, state that petitioner was convicted of a

1

1  violation of Penal Code § 288(a), lewd conduct with a minor.
2       The request is denied for two reasons.  First, petitioner is
3  time-barred from obtaining the relief he seeks.  His petition for
4  habeas corpus was denied by the Magistrate Judge; his objections
5  to that finding were considered and rejected by this court; and
6  his appeal of this court's order denying relief was affirmed by
7  the Ninth Circuit Court of Appeals in an unpublished memorandum.
8  Butler v. Adams, No. 05-15794 (9th Cir., filed June 19, 2006).
9  Any requests for reconsideration of the court's order, including
10 a request for sentence clarification coming more than 18 months
11 after judgment has been entered, are simply too late.
12      Second, petitioner is simply mistaken.  The record is laden
13 with documents confirming that the crime with which he was
14 charged and to which he pled no contest was, in fact, a violation
15 of California Penal Code § 288.5.  For example, Exhibit B to the
16 § 2254 petition is a partial copy of an Information charging
17 petitioner in Count 1 with Oral Copulation of a Person under 18,
18 in violation of Penal Code § 288a(b)(1), and in Count 2 with
19 Continual Sexual Abuse of a Child, in violation of Penal Code §
20 288.5.  Next, at one of two Marsden hearings held in the
21 underlying case petitioner responds to an inquiry by the judge by
22 saying: "I know I'm being charged with continuing abuse of a
23 child, but specific allegations have never been explained to me
24 and I've asked for that."  Exhibit F to § 2254 Petition, 7:27 -
25 8:1 (emphasis added).
26

2

1    The transcript of the change of plea hearing is even more
2 telling, as illustrated in the following colloquy:
3         THE COURT: All right.  And the D.A. was willing to take
4         a plea to Count 2 and dismiss the first Count with a Harvey
5         waiver, is that correct?
6         MS. PERKINS [Assistant District Attorney]: Yes.
7         MR. BOWERS [Defense Counsel]: That's correct.
8                         . . . .
9         MR. BOWERS: Your Honor, I just added the dismissal of
10        Count 1 with the Harvey waiver.  I would just like to
11        explain it to Mr. Butler briefly.
12                        . . . .
13        THE COURT: Yes.  All right.  Mr. Butler, have you read
14        all the rights contained here in the form?
15        THE DEFENDANT [Petitioner Butler]: Yes, your honor.
16        THE COURT: Have you read all the penalties contained in
17        the form?
18        THE DEFENDANT: Yes, your Honor.
19        THE COURT: Do you understand the maximum possible
20        penalty could be 16 years in the Department of
21        Corrections?
22        THE DEFENDANT: Yes, your Honor.
23                        . . . .
24        THE COURT: Do you also understand a Harvey waiver, that
25        although Count 1 is going to be dismissed, the Court

1    can consider the facts behind that to determine what
2    the appropriate sentence will be?
3    THE DEFENDANT: Yes.
4    THE COURT: With the rights and penalties in mind, is it
5    your desire to give the rights up and enter this plea
6    to Count 2, <u>continual sexual abuse of a child</u>?
7    THE DEFENDANT: Yes, your honor.
8                           . . . .
9    THE COURT: Okay.  And do you admit that on and between
10   June 1st of 1990 and March 3rd of 1995 here in Solano
11   County you unlawfully engaged in three or more of acts
12   of substantial sexual contact as defined by Penal Code
13   Section 1203.66 and three or more acts of lewd and
14   lascivious conduct in violation of Penal Code section
15   288 with a minor whose initials were A.L., who is under
16   the age of 14 while you resided with and had recurring
17   access to a minor child?  Is that the case?
18   THE DEFENDANT: Yes, your honor.
19   THE COURT: How do you plead to the charge?
20   THE DEFENDANT: No contest, your Honor.
21   THE COURT: I'm going to accept the plea, find it is
22   freely given with full knowledge of all rights waived,
23   find a factual basis for the plea, incorporate the
24   waiver form by reference into the docket.  Count 1 is
25   hereby dismissed with the Harvey waiver.

                                4

1 | Exhibit G attached to § 2254 Petition (Transcript of Change of
2 | Plea, April 23, 1998, 4:1 -6:13) (emphasis added).
3 |     Finally, the 1st District Court of Appeals, in a written
4 | order affirming petitioner's conviction, confirms that the plea
5 | was to one count of continuous sexual abuse of a child.
6 | "Appellant pleaded nolo contendere to continuous sexual abuse of
7 | a child under the age of 14 (§ 288.5) with the understanding that
8 | the remaining count (§ 288a,subd.(b)(1)) would be dismissed.  The
9 | court sentenced appellant to the aggravated term of 16 years in
10 | state prison for continuous sexual abuse of a child under the age
11 | of 14 (§ 288.5)." Exhibit E to Opposition to Respondent's Motion
12 | to Dismiss Habeas Corpus as Untimely.
13 |     From all of these documents it is evident that defendant's
14 | plea was in fact to Penal Code § 288.5.  The citation to § 288(a)
15 | in the Magistrate Judge's Findings and Recommendations was but a
16 | reference to petitioner's § 2254 petition.  Any attempt to
17 | construe that statement as an actual finding of petitioner's
18 | underlying conviction is misplaced.
19 |     For the reasons stated above, petitioner's request for
20 | clarification is DENIED.
21 |     IT IS SO ORDERED.
22 | Dated: March 10, 2008

/s/ Edward J. Garcia
EDWARD J. GARCIA, JUDGE
UNITED STATES DISTRICT COURT

5